guilty of bribery beyond a reasonable doubt did not preclude the district court from finding the bribery proved by a preponderance of the evidence. *See, e.g., United States v. Vaughn,* 430 F.3d at 521, 526–27 (upholding sentencing judge's authority to find that preponderance finding that drug quantity attributable to defendant was higher than weight attributed by jury). Insofar as Shahid urges that acquitted conduct must be proved by a standard greater than a preponderance, *see United States v. Treadwell,* 593 F.3d 990, 1000 (9th Cir.2010) (stating that acquitted conduct must be proved by clear and convincing evidence at sentencing), that argument is foreclosed by our decision in *Vaughn,* 430 F.3d at 527.

In the absence of procedural error, whether factual or otherwise, we may set aside Shahid's sentence only if it is substantively unreasonable, which occurs only in the exceptional instance where "the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera,* 550 F.3d at 189 (internal quotation marks omitted). That is not this case. The sentence imposed was adequately supported by the district court's findings of Shahid's relevant acquitted conduct and continued lack of candor with the court, its determination that specific deterrence required an above-Guidelines sentence, and its conclusion that a sentence of greater than 15 months would impose a hardship on Shahid and his family and would be more than necessary to achieve the ends of sentencing.

3.  *Conclusion*

Because the district court committed no error of law in considering Shahid's relevant acquitted conduct, and imposed a sentence that was neither procedurally nor substantively unreasonable, the judgment of the district court is AFFIRMED.

**Charliston Camargos SANTOS, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 10–2208–ag.

United States Court of Appeals, Second Circuit.

July 5, 2012.

Elizabeth A. Badger, Attorney, Matthew Waters, Rule 46.1(e) Law Student, Boston University Civil Litigation Program, Boston, MA, for Petitioner.

Tony West, Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Rachel Browning, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROSEMARY S. POOLER and GERARD E. LYNCH, Circuit Judges.[1]

### SUMMARY ORDER

Charliston Camargos Santos seeks review of an April 27, 2010, order of the BIA, affirming the July 15, 2008, decision of Immigration Judge ("IJ") Michael W. Straus, which denied his motion to suppress evidence and terminate his removal proceedings, and granted his application for voluntary departure with an alternate order of removal to Brazil. *In re Santos,* No. A088 189 860 (B.I.A. Apr. 27, 2010), *aff'g* No. A088 189 860 (Immig. Ct. Hart-

---

[1]. The Honorable Roger J. Miner, originally a member of the panel, died on February 18, 2012. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone,* 140 F.3d 457 (2d Cir.1998).

ford July 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Almeida–Amaral v. Gonzales,* 461 F.3d 231, 233–34 (2d Cir.2006).

### A. Prima Facie Case for Suppression

■ Santos's central argument is that the agency erred in finding that he did not establish a *prima facie* case for suppression, given that he submitted an affidavit and supporting evidence that, if taken as true, showed that his arrest was based on race. He contends that, at the least, he was entitled to a hearing on suppression. Indeed, where an alien offers an affidavit, which, if accepted as true, supports the suppression of evidence, the BIA has indicated that a suppression hearing is appropriate. *See Matter of Barcenas,* 19 I. & N. Dec. 609, 611 (B.I.A.1988). We have explained that an egregious constitutional violation will trigger the exclusionary rule in removal proceedings where, "the stop was based on race (or some other grossly improper consideration)." *Almeida–Amaral,* 461 F.3d at 235. Here, because Santos presented facts in his affidavit and evidence that supported his belief that he was arrested on the basis of his race, the IJ erred in failing to hold an evidentiary hearing. *See Matter of Barcenas,* 19 I. & N. Dec. at 611.

We have held that the agency did not err in denying a motion to suppress, where an alien "offered nothing other than his own intuition" to support his belief that he was arrested based on his race. *Almeida–Amaral,* 461 F.3d at 237. Here, in contrast, Santos presented specific factual allegations in his affidavit and evidence, which, taken as true, support his belief that the Massachusetts state trooper who pulled him over did so on account of his race, and that the speeding citation the trooper issued was a mere pretext. According to Santos's sworn declaration: (1) he and the passenger he was riding with have "olive-skin" and "dark hair"; (2) he was not speeding; (3) the trooper followed him for more than two miles before pulling him over; (4) the trooper inquired about Santos's immigration status (and that of his passenger) before *informing him* that he had been pulled over for speeding; (5) the trooper asked Santos how he could afford such an expensive car when he, a state trooper for over 15 years, could not afford that car; (6) the trooper arrested him for unlicensed operation of a motor vehicle, but this charge was never pursued in state court; and (7) the trooper told him that his foreign government-issued license was "fake." These facts, taken as true and viewed in the light most favorable to Santos, provide an objective *prima facie* basis to believe that he was pulled over based on his Hispanic appearance. *Cf. Almeida–Amaral,* 461 F.3d at 237.

Because Santos set out a *prima facie* case that suppression was warranted because he was pulled over due to his race, the IJ erred in denying his motion without a hearing on suppression. *See Matter of Barcenas,* 19 I. & N. Dec. at 611. Contrary to the Government's contention that Santos failed to administratively exhaust his argument that the IJ did not take the allegations in his affidavit as true, we understand his brief before the BIA, in which he argued that "[a]t the very least, the declaration and other evidence were suffi-